UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| HERMA BARBARA MEDINA REYNA, | CIV. NO. 19-00248 LEK-RT |
| Plaintiff, | |
| vs. | |
| PNC BANK, N.A.; ET AL., | |
| Defendants. | |

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF
COURT ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT;
AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT ON THE PLEADINGS OR,
IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

On February 3, 2021, the Order: Denying Plaintiff's

Motion for Summary Judgment; and Granting in Part and Denying in

Part Defendants' Motions for Judgment on the Pleadings or, in

the Alternative for Summary Judgment ("2/3/21 Order") was

issued.[1]  [Dkt. no. 149.]  On February 9, 2021, *pro se* Plaintiff

Herma Barbara Medina Reyna ("Reyna") filed a motion for

reconsideration of the 2/3/21 Order ("Motion for

_____

[1] The 2/3/21 Order addressed: Reyna's Motion for Summary
Judgment, filed on September 9, 2020; Defendant PNC Bank,
National Association's ("PNC") Motion for Judgment on the
Pleadings or, in the Alternative, for Summary Judgment ("PNC
Motion"), filed on September 16, 2020; and Defendant Mortgage
Electronic Registration Systems, Inc.'s ("MERS") Motion for
Judgment on the Pleadings or, in the Alternative, for Summary
Judgment ("MERS Motion"), filed on September 16, 2020.  [Dkt.
nos. 115, 121, 123.]

Reconsideration"). [Dkt. no. 150.] The Court has considered the Motion as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Reyna's Motion for Reconsideration is hereby denied for the reasons set forth below.

<u>**BACKGROUND**</u>

The factual and procedural background of this case is set forth in the 11/30/20 Order and will not be repeated here. In the 11/30/20 Order, this Court granted summary judgment in favor of Defendants as to all of Plaintiff's claims in the Second Amended Complaint for: (1) Fraud, (2) Quiet Title, and (3) Slander of Title ("Second Amended Complaint"), [filed 6/3/20 (dkt. no. 75)].

The crux of the Motion for Reconsideration is that the 2/3/21 Order is based on this Court's mistaken belief that this case seeks to reverse the state court's decision in the underlying foreclosure action brought by PNC ("Foreclosure Action").[2] According to Reyna, she is merely seeking punitive damages for the fraud that was committed during the Foreclosure Action. Reyna also argues her fraud claim in this case is sufficiently pled. <u>See</u> Second Amended Complaint at pgs. 7-12.

---

[2] <u>See</u> the 2/3/21 Order at 5 for additional information regarding the Foreclosure Action.

She urges this Court to consider the merits of her claims and she argues that she has been denied due process because she has not been given a hearing or a trial.

After Reyna filed the Motion for Reconsideration, this Court received a letter from her objecting to the fact that all of her claims were decided without a trial. [Letter, filed 2/12/21 (dkt. no. 152).] She argues this was particularly unfair in light of this Court's order directing the parties to meet and confer regarding a proposed new trial date after July 31, 2021. See Minute Order – EO: Order Vacating Jury Trial Date in a Civil Matter, filed 12/17/20 (dkt. no. 146) ("12/17/20 EO").[3] Reyna's letter is liberally construed as a supplement to her due process argument in the Motion for Reconsideration. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is to be liberally construed[.]" (citation and internal quotation marks omitted)).

### STANDARD

The 2/3/21 Order is a case-dispositive order, and therefore Plaintiff's Motion for Reconsideration is "governed by

---

[3] The 12/17/20 EO was issued to address issues related to the COVID-19 emergency and accompanying health and safety concerns. [12/17/20 EO at 1.] There was nothing in the 12/17/20 EO which constituted a ruling on the merits of the case. Thus, the order that the parties were to meet and confer regarding a proposed new trial date was not an indication or a guarantee that the case was going to proceed to trial.

Fed. R. Civ. P. 59 or 60, as applicable."  See Local

Rule LR60.1.  Because no judgment has been issued in this case,

Fed. R. Civ. P. 60 applies.  See Fed. R. Civ. P. 59(e) ("A

motion to alter or amend a judgment must be filed no later than

28 days after the entry of the judgment.").  Rule 60(b) states,

in pertinent part: "On motion and just terms, the court may

relieve a party or its legal representative from a final . . .

order, or proceeding for the following reasons: . . . (6) any

other reason that justifies relief."  The Ninth Circuit has

stated:

> We use Rule 60(b)(6) "sparingly as an equitable
> remedy to prevent manifest injustice."  United
> States v. Alpine Land & Reservoir Co., 984 F.2d
> 1047, 1049 (9th Cir. 1993).  To receive relief
> under Rule 60(b)(6), a party must demonstrate
> "extraordinary circumstances which prevented or
> rendered him unable to prosecute [his case]."
> [Community Dental Services v.] Tani, 282 F.3d
> [1164,] 1168 [(9th Cir. 2002)] (citing Martella
> v. Marine Cooks & Stewards Union, 448 F.2d 729,
> 730 (9th Cir. 1971) (per curiam)).

Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (some

alterations in Lal).

As to motions for reconsideration in general, this

district court has stated:

> A motion for reconsideration must:
> (1) demonstrate reasons that the court should
> reconsider its prior decision; and (2) must set
> forth facts or law of a strongly convincing
> nature to induce the court to reverse its prior
> decision.  Fisher v. Kealoha, 49 F. Supp. 3d 727,
> 734 (D. Haw. 2014).  The Ninth Circuit has said

that reconsideration may be appropriate if:
(1) the district court is presented with newly
discovered evidence; (2) the district court
committed clear error or the initial decision was
manifestly unjust; or (3) if there is an
intervening change in controlling law. See Sch.
Dist. No. 1J, Multnomah Cty., Or. v. ACandS,
Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Mere disagreement with a previous order is
an insufficient basis for reconsideration.
Fisher, 49 F. Supp. 3d at 735. This court
"'enjoys considerable discretion in granting or
denying the motion.'" Allstate Ins. Co. v.
Herron, 634 F.3d 1101, 1111 (9th Cir. 2011)
(quoting McDowell v. Calderon, 197 F.3d 1253,
1255 n.1 (9th Cir. 1999) (en banc)).

Smith v. Frink, Civil No. 20-00377 SOM-RT, 2020 WL 7130511, at

*2 (D. Hawai`i Dec. 4, 2020) (footnote omitted). There has been

no intervening change in the controlling law at issue in the

Motion for Reconsideration, and Reyna does not present any newly

discovered evidence. Reyna asserts there were manifest errors

of law and fact in the 2/3/21 Order. [Motion for

Reconsideration at 1.]

**DISCUSSION**

I.  **Due Process Argument**

The Court first turns to Reyna's argument that she has

been deprived of due process because this Court did not hold a

hearing on the parties' motions for summary judgment, and

because there will not be a trial on the merits of her claims.

In the 2/3/21 Order, this Court found the parties' motions for

summary judgment suitable for disposition without a hearing,

pursuant to Rule LR7.1(c) of the Local Rules of Practice for the
United States District Court for the District of Hawaii ("Local
Rules").  [2/3/21 Order at 2.]  Local Rule 7.1(c) states, in
relevant part: "Unless specifically required, the court may
decide all matters, including motions, petitions, and appeals,
without a hearing."  This Court has also considered Reyna's
Motion for Reconsideration without a hearing, pursuant to Local
Rule 7.1(d), which states, in relevant part: "The following
shall be decided without a hearing: motions to alter, amend,
**reconsider**, set aside or vacate a judgment or order . . . ."
(Emphasis added.)

> [O]ne of due process's central and undisputed
> guarantees is that, before the government
> permanently deprives a person of a property
> interest, that person will receive — at a minimum
> — notice.  Mullane v. Cent. Hanover Bank & Trust
> Co., 339 U.S. 306, 313, 70 S. Ct. 652, 94 L. Ed.
> 865 (1950).
>
> Notice is so critical because it enables the
> opportunity to be heard.  Mullane, 339 U.S. at
> 314, 70 S. Ct. 652 . . . .

Wright v. Beck, 981 F.3d 719, 727 (9th Cir. 2020) (some
citations omitted)).  To the extent that Reyna has a property
interest in her claims in this case, her opportunity to file
written response memoranda in opposition to the PNC Motion and
the MERS Motion and her opportunity to file a written Motion for
Reconsideration were "sufficient to provide [her] with an
opportunity to be heard for purposes of his due process rights

6

before this court."  See <u>Hernando v. Hamamoto</u>, Civil No. 13-
00140 SOM/BMK, 2013 WL 6485247, at *2 (D. Hawai`i Dec. 9, 2013).

Similarly, the Federal Rules of Civil Procedure
require the entry of summary judgment where the non-moving party
fails to establish that there is a triable issue of fact.  See
Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment
if the movant shows that there is no genuine dispute as to any
material fact and the movant is entitled to judgment as a matter
of law.").  Reyna had the opportunity to file written response
memoranda to the motions for summary judgment.  Although it is
understandable that Reyna is disappointed that there will be no
trial on the merits of her claims, there was no violation of
Reyna's due process rights.  The Motion for Reconsideration is
denied as to its argument that the 2/3/21 Order violated Reyna's
due process rights.

## II.  Reyna's Other Arguments

Reyna also argues there are manifest errors of law and
fact in the 2/3/21 Order, including: that this Court
misunderstood her claims in this case because they do not seek
to undo the Foreclosure Action; and that her fraud claims are
sufficiently pled.  These are all arguments that were considered
in connection with the underlying motions for summary judgment.
Ultimately, Plaintiff disagrees with the Court's rulings on the
motions, and her disagreement with the 2/3/21 Order is not a